## THOMAS HOLMES v. STATE.

### No. A-2279.

Appeal from County Court, Canadian County;

W. A. Morrow, Judge.

Thomas Holmes was convicted of violating the prohibitory law, and appeals. Affirmed.

Fogg & Bennett, for plaintiff in error.

R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, Thomas Holmes was convicted at the March, 1914, term of the county court of Canadian county on a charge of having unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of two hundred and fifty dollars and imprisonment in the county jail for a period of ninety days.

The proof on behalf of the state establishes a strong case against the plaintiff in error. There was no defense whatever offered. Counsel stand on technical errors of law.

A careful examination of the record discloses the fact that the assignments based upon the rulings of the trial court are not well founded. The plaintiff in error fails to bring himself within any of the rules heretofore announced by this court. We are of opinion, therefore, that the judgment should be affirmed. It is so ordered.

---

## BOB HINCH v. STATE.

### No. A-2285.

Appeal from County Court, Choctaw County;

W. T. Glenn, Judge.

Bob Hinch was convicted of a violation of the prohibitory law, and appeals. Affirmed.

Evans & Hardison, for plaintiff in error.

R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM. On information charging that he did sell to one Luther Coffee one pint of alcohol, the plaintiff in error, Bob Hinch, was convicted and his punishment assessed at confinement in the county jail for sixty days and a fine of two hundred fifty dollars. The judgment and sentence was entered in pursuance of the verdict. To reverse this judgment an appeal was taken by filing in this court on June 4, 1914, a petition in error with case-made. No brief was filed and no appearance made on behalf of plaintiff in error when the case was called for final submission. Whereupon the attorney general moved that the judgment be affirmed for failure to prosecute the appeal. It appearing, for the reasons stated, that the appeal herein has been abandoned, the judgment will be affirmed, and the case remanded to the trial court with directions to enforce its judgment therein.